UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOSEPH HILBURN | * | CIVIL ACTION NO. _____ |
|           Plaintiffs | * | |
| | * | SECTION: _____ |
| VERSUS | * | |
| | * | JUDGE: _____ |
| McCARTY CORPORATION, EAGLE INC., | * | |
| f/k/a EAGLE ASBESTOS & PACKING | * | MAG. JUDGE:_____ |
| CO., INC., TAYLOR-SEIDENBACH, INC., | * | |
| ZURICH AMERICAN INSURANCE COMPANY, | * | |
| as successor-by-merger to Maryland Casualty | * | |
| Company, as the insurer of MARQUETTE | * | |
| INSULATION, INC., CBS CORPORATION | * | |
| (f/k/a VIACOM, INC., successor by merger with | * | |
| CBS CORPORATION f/k/a WESTINGHOUSE | * | |
| ELECTRIC CORPORATION); GOULDS PUMPS | * | |
| LLC; HOPEMAN BROTHERS, INC., | * | |
| INTERNATIONAL PAPER COMPANY | * | |
| (individually and as successor by merger with | * | |
| CHAMPION INTERNATIONAL | * | |
| CORPORATION, successor by merger with | * | |
| UNITED STATES PLYWOOD CORPORATION) | * | |
| LIBERTY MUTUAL INSURANCE COMPANY, | * | |
| as the insurer of WAYNE MANUFACTURING | * | |
| COMPANY, UNION CARBIDE CORPORATION, | * | |
| AVONDALE INDUSTRIES, INC. f/k/a | * | |
| NORTHROP GRUMMAN SHIP SYSTEMS, INC. | * | |
| n/k/a HUNTINGTON INGALLS | * | |
| INCORPORATED, ALBERT BOSSIER, | * | |
| As an Executive Officer of Avondale Industries, | * | |
| Inc., CERTAIN UNDERWRITERS AT LLOYD'S, | * | |
| LONDON, as the liability insurers of the Following | * | |
| Executive Officers of Avondale Industries, Inc.: | * | |
| Henry "Zac" Carter, C. Edwin Hartzman, | * | |
| Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, | * | |
| James O'Donnell, Steve Kennedy, John Chantrey, | * | |
| Pete Territo, George Kelmell, Eddie Blanchard, | * | |
| Ollie Gatlin, J. Melton Garrett, Earl Spooner, | * | |
| James T. Cole and Burnette "Frenchy" Bordelon, | * | |
| LAMORAK INSURANCE COMPANY, | * | |
| f/k/a OneBeacon Insurance Company, f/k/a | * | |
| Commercial Union Insurance Company, | * | |
| as the Liability Insurers of the Following | * | |
| Executive Officers of Avondale Industries, Inc.: | * | |

|   |   |
|---|---|
| Henry "Zac" Carter, C. Edwin Hartzman, | * |
| Albert Bossier, Jr., Hettie Margaret Dawes-Eaves, | * |
| James O'Donnell, Steve Kennedy, John Chantrey, | * |
| Pete Territo, George Kelmell, Eddie Blanchard, | * |
| Ollie Gatlin, J. Melton Garrett, Earl Spooner, | * |
| James T. Cole and Burnette "Frenchy" Bordelon | * |
| Defendants | * |

*********************************************************************

## **NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, come defendants, Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc.), Albert L. Bossier, Jr., and Lamorak Insurance Company,[1] (collectively, "the Avondale Interests"), who, pursuant to 28 U.S.C. §§ 1441, 1442, and 1446, notice the removal of the above-entitled action bearing 2018-8236 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana (the "State Case"), to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction under 28 U.S.C. § 1441 in that the action arises "under the Constitution, laws or treaties of the United States" within the meaning of that statute, and because the Avondale Interests were, at all material times, acting under an officer of the United States as set forth in 28 U.S.C. § 1442.

The grounds for removal are as follows:

1.

Venue is proper in this Court because it is the district court for the district in which the State Case is pending. 28 U.S.C. § 1442(a).

2.

---

[1] Lamorak Insurance Company is sued in its capacity as the insurer of certain alleged executive officers of Avondale.

2

On August 20, 2018, Joseph Hilburn filed suit naming the Avondale Interests as defendants.[2] On November 27, 2018, Plaintiffs (Judith A. Hilburn, Bryan R. Hilburn, and Brendan J. Hilburn) filed a First Amended Petition for Damages for Wrongful Death and Survival Action in which they were substituted as the plaintiffs following the death of Joseph Hilburn.[3] Plaintiffs allege that they are the surviving spouse and children of Joseph Hilburn, who allegedly died in September 2018 as a result of his contraction of mesothelioma caused by asbestos exposure.[4] Plaintiffs allege that Joseph Hilburn was employed by Avondale in approximately 1968, that he handled and worked in the presence of others that were handling asbestos-containing products at Avondale, and that he breathed in the resulting asbestos fibers, which subsequently caused his mesothelioma.[5] The Petition for Damages, however, does not link Joseph Hilburn's alleged exposures to any vessels that Avondale built, refurbished, or repaired for the U.S. government.

3.

On January 20, 2021, Plaintiffs served counsel for Albert L. Bossier, Jr. with Plaintiff's Objections and Responses to Defendant Albert L. Bossier, Jr.'s Interrogatories and Requests for Production,[6] which included an affidavit signed by Joseph Hilburn on September 3, 2018.[7] In his affidavit, Mr. Hilburn stated that while employed by Avondale he worked on the construction of several ships, including ships built for States Lines.[8] He further stated that he was exposed to asbestos at Avondale, including breathing dust generated by "the cutting, installation and clean up

---

[2] Exhibit A, Petition for Damages.
[3] Exhibit B, First Amended Petition for Damages for Wrongful Death and Survival Action.
[4] *Id.* at ¶¶ 1, 10.
[5] *Id.* at ¶ 10.
[6] Exhibit C, Plaintiff's Objections and Responses to Defendant Albert L. Bossier, Jr.'s Interrogatories and Requests for Production.
[7] Exhibit D, Affidavit of Joseph Hilburn dated September 3, 2018.
[8] *Id.* at ¶¶ 6-8.

of thermal pipe insulation" and from the work of "contractor employees aboard these States Lines ships" who were "cutting and trimming wallboards."[9]

4.

Joseph Hilburn's January 20, 2021 affidavit demonstrates that his alleged asbestos exposures while working at Avondale relate to asbestos-containing materials being installed aboard and around States Lines cargo ships (the "Federal Vessels"). The States Lines cargo ships were built by Avondale pursuant to contracts with the United States Maritime Administration ("MARAD"). Plaintiffs, therefore, are claiming that Joseph Hilburn was injured due to asbestos-containing products allegedly installed during the construction of ships built pursuant to contracts with MARAD.

5.

This removal is being filed within thirty days of Avondale's receipt of the affidavit of Joseph Hilburn on January 20, 2021, and is, therefore, timely under 28 U.S.C. § 1446.

6.

This action involves persons acting under the authority of an officer of the United States within the meaning of 28 U.S.C. § 1442(a)(1). To establish jurisdiction under this statute, a defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is related to an act pursuant to a federal officer's directions. *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020) (*en banc*).

---

[9] *Id.* at ¶¶ 5-8.

7.

Avondale is a "person" within the meaning of 28 U.S.C. § 1442(a)(1). *E.g., Savoie v. Huntington Ingalls Incorporated,* 817 F.3d 457, 461 (5th Cir. 2016).

8.

Avondale and its executive officers were acting under a federal officer within the meaning of § 1442(a)(1) when it built the States Lines cargo ships pursuant to contracts with MARAD because the United States government, acting through MARAD, had contracted with Avondale to perform a task that the government otherwise would itself have had to perform—to build ships for use as naval and military auxiliaries, to promote foreign and domestic commerce, and to further other important national interests. *Wilde v. Huntington Ingalls, Inc.*, 616 F. App'x 710, 713 (5th Cir. 2015) (Avondale was acting under a federal officer in the construction of vessels for the U.S. Maritime Administration); *Dempster v. Lamorak Ins. Co.*, No. CV 20-95, 2020 WL 468611, at *11 (E.D. La. Jan. 28, 2020) (same).

9.

If Joseph Hilburn was exposed to asbestos from work undertaken in conjunction with the construction of the Federal Vessels, the use of asbestos-containing materials on those vessels was required, controlled, and/or authorized by officers of the United States.

10.

Plaintiffs' claims against the Avondale Interests are claims "for or related to" acts performed under color of federal office within the meaning of the text of 28 U.S.C. § 1442(a)(1) because the charged conduct is "connected or associated with" an act under a federal officer's direction. *Latiolais,* 951 F.3d at 296.

11.

The use and installation of asbestos-containing materials in the construction of the Federal Vessels was required by the contractual provisions and design specifications mandated by the federal government acting through MARAD.

12.

The materials used in the construction of the Federal Vessels—including asbestos-containing materials—were the kind, type, and brand of materials specifically mandated by the Vessel Construction Contracts between Avondale and the United States government, and by the incorporated drawings, plans and specifications for the construction of the Federal Vessels.

13.

The shipbuilding process—specifically including the use and installation of asbestos-containing materials aboard the Federal Vessels—was supervised and monitored by inspectors and other representatives of the United States government to ensure that Avondale complied with the design specifications mandated by MARAD.

14.

The inspections by representatives of the United States government included a determination that the supplies (including raw materials, components, and end products) used in the construction of the Federal Vessels were the supplies required by the contracts and specifications, including asbestos-containing thermal insulation, wallboards, and other asbestos-containing materials, as well as non-asbestos materials. Inspections occurred throughout construction and prior to final acceptance of the Federal Vessels. If Avondale did not use the supplies required by the contracts, including asbestos-containing materials, the federal government

could demand that Avondale replace the supplies with conforming materials and/or put Avondale in default of the contract.

15.

The United States government required Avondale to provide representatives of the United States government, including government inspectors, with office space and other attendant facilities within the shipyard.

16.

Extensive Dock Trials, Builder's Trials, and Sea Trials on the Federal Vessels were performed by representatives of the United Sates government prior to the delivery of each Federal Vessel to ensure conformity with the design specifications mandated by the United States government.

17.

The United States government also promulgated specific safety rules, regulations and requirements for shipbuilding. These regulations included specific permissible safe exposure levels for asbestos pursuant to the Walsh-Healey Public Contracts Act and the U.S. Department of Labor Safety and Health Regulations for Shipbuilding, 29 C.F.R. § 1502.1, which set safety standards to meet the provisions of the Longshore and Harbor Workers' Compensation Act requirements to render Avondale's workplace safe pursuant to 33 U.S.C. § 941. Avondale was guided by and required to comply with these safety regulations during Federal Vessel construction. United States government safety inspectors specifically monitored and enforced these safety regulations as well as the construction of the Federal Vessels on a day-to-day and job-specific basis.

18.

Avondale raises two colorable federal defenses to one or more of the plaintiff's claims in this action. First, one or more of Plaintiffs' claims are barred under the jurisprudential doctrine of government contractor immunity established by *Boyle v. United Techs. Corp.,* 487 U.S. 500 (1988), and its progeny. *Latiolais,* 951 F.3d at 297-98 (holding Avondale's *Boyle* defense is colorable). Furthermore, Plaintiffs' negligence claims relate to the acts performed under color of federal office.

19.

The reasonably precise design specifications established by MARAD mandated the installation of asbestos and asbestos-containing products on the Federal Vessels. The Federal Vessels confirmed to the specifications mandated by MARAD—the specifications mandated the use of asbestos, and Avondale built the Federal Vessels using asbestos. The United States government had knowledge of the potential hazards of asbestos-containing materials in the workplace that was equal to or superior to that of Avondale.

20.

Second, Plaintiffs' claims against the Avondale Interests are barred by the federal defense of derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940), and its progeny. *Yearsley* established that a federal government contractor, performing at the direction and authorization of a federal government officer, is immune from suit based upon performance of the contract. The *Yearsley* doctrine applies here rendering the Avondale Interests immune from suit because the Avondale Interests performed the at-issue acts at the direction of federal government officers acting pursuant to federal government authorization.

21.

Removal under 28 U.S.C. § 1442 does not require the consent of any defendant. *See Humphries v. Elliott Co.*, 760 F.3d 414, 417 (5th Cir. 2014); *Ely Valley Mines, Inc. v. Hartford Acc. and Indemnity Co.,* 644 F.2d 1310 (9th Cir. 1981); *Bottos v. Avakian,* 477 F. Supp. 610 (N.D. Ind. 1979), *aff'd*, 723 F.2d 913 (7th Cir. 1983).

22.

Because this Court has federal officer jurisdiction over at least one claim asserted by Plaintiffs, it has supplemental jurisdiction over the entire action. *Savoie,* 817 F.3d at 463; 28 U.S.C. § 1367(a).

23.

With this Notice, the Avondale Interests are filing a "copy of all process, pleadings, and orders served upon" them in the State Case. 28 U.S.C. §§ 1446(a), (d). In addition, written notice is being given to all adverse parties, and a copy of this Notice is being filed with the Clerk of the Civil District Court for the Parish of Orleans, State of Louisiana.

ACCORDINGLY, the Avondale Interests hereby give notice that the proceeding bearing 2018-8236 on the docket of the Civil District Court for the Parish of Orleans, State of Louisiana, is removed to the docket of this Court for trial and determination as provided by law, and ask that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in the State Case, and to proceed with this civil action as a matter properly removed.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MOORE, LLC

*/s/ David M. Melancon*
GUS A. FRITCHIE, T.A. (#5751)
TIMOTHY F. DANIELS (#16878)
DAVID M. MELANCON (#23216)
EDWARD W. TRAPOLIN (#27667)
KEVIN POWELL (#25324)
M. SCOTT MINYARD (#31879)
ALEXANDER SAUNDERS (#28735)
ALISON A. SPINDLER (#34103)
VICTOR M. DANTIN (#35462)
400 Poydras Street, Suite 2700
New Orleans, Louisiana 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
**Counsel for Albert L. Bossier Jr.**

AND

BRIAN C. BOSSIER (#16818)
EDWIN A. ELLINGHAUSEN, III (#1347)
CHRISTOPHER T. GRACE, III (#26901)
ERIN H. BOYD (#20121)
LAURA M. GILLEN (#35142)
WHITNEY C. STEWART (#38905)
**BLUE WILLIAMS L.L.P.**
3421 N. Causeway Blvd., Suite 900
Metairie, LA 70002
Phone: (504) 831-4091
Facsimile: (504) 837-1182
**Counsel for Huntington Ingalls Incorporated**

AND

SAMUEL M. ROSAMOND, III (17122)
srosamond@twpdlaw.com
FRANCIS C. CANNONE (38155)
fcannone@twpdlaw.com
**TAYLOR, WELLONS, POLITZ & DUHE, APLC**
1515 Poydras Street - Suite 1900
New Orleans, Louisiana 70112
Phone: 504-525-9888
Fax:    504-525-9899
**Counsel for Lamorak Insurance Company**

10

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy sent to all counsel of record by electronic means on the 18th day of February, 2021.

                                    */s/ David M. Melancon*