

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 18-8236   SECTION   DIVISION "N"

JOSEPH HILBURN

VERSUS

McCARTY CORPORATION, ET AL.

FILED: _____   _____
   DEPUTY CLERK

## PETITION FOR DAMAGES

**COMES NOW** Joseph Hilburn, by and through undersigned counsel, who respectfully represents as follows:

1. Petitioner Joseph Hilburn is an adult resident citizen of the state of California.

2. Made Defendants herein are the following domestic corporations licensed to do and doing business in the State of Louisiana, or are current or former individuals that are residents of the State of Louisiana and are liable unto the Petitioner (also referred to as Plaintiff herein) for the claims asserted herein:

**ASBESTOS MINERS/MANUFACTURERS/SELLERS/SUPPLIERS/DISTRIBUTORS**

   A. EAGLE, INC., f/k/a EAGLE ASBESTOS & PACKING CO., INC.
   B. McCARTY CORPORATION;
   C. TAYLOR-SEIDENBACH, INC.;
   D. ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC.

**EMPLOYER/PREMISE OWNER/EXECUTIVE OFFICERS**

   E. ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.;

3. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Taylor-Seidenbach is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish.

4. Orleans Parish is a proper venue for this matter pursuant to Louisiana Code of Civil Procedure Article 42(2) because Defendant Eagle, Inc. is a domestic corporation licensed to do business in this State and has designated as its primary business office and/or primary place of business in Louisiana as Orleans Parish (1100 Poydras Street, New Orleans, Louisiana 70163).

1



EXHIBIT A

5. Defendant Zurich American Insurance Company, as successor-by-merger to Maryland Casualty Company as the insurer of Marquette Insulation, Inc. is an insurance company authorized to do and/or doing business in the Parish of Orleans, State of Louisiana and subject to the jurisdiction of this Honorable Court, which, on information and belief, at all times pertinent herein was the liability insurer of Marquette Insulation, Inc., and Marquette Insulation, Inc. was domiciled in in Orleans Parish at its respective time of dissolution, and as such, is directly sued herein pursuant to the provisions of Title 22, Section 655 of the Louisiana Revised Statutes;

6. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure article 73 because each of the defendants listed above contributed to Petitioner's exposure to asbestos and subsequent contraction of mesothelioma and therefore each is solidarily liable to Petitioner with each of its co-defendants, and defendants Taylor-Seidenbach, Inc., Eagle, Inc. and Zurich American Insurance Company, as successor-by-merger to Maryland Casualty Company as the insurer of Marquette Insulation, Inc. are domiciled in Orleans Parish.

7. This action is within the jurisdiction of the court and Orleans Parish is a proper venue pursuant to Louisiana Code of Civil Procedure Article 74 because wrongful conduct occurred and resultant damages were sustained within Orleans Parish.

## BACKGROUND

8. Petitioner Joseph Hilburn suffered exposure to asbestos and asbestos-containing products designed, manufactured, sold and/or supplied and/or maintained by the defendants, which exposure ultimately resulted in his contraction of malignant mesothelioma. Avondale Industries, Inc. employed Petitioner Joseph Hilburn from approximately 1966 to 1966. While working in Louisiana from 1966 to 1966, Petitioner's Louisiana work sites, trades and years of exposure to asbestos include, but are not limited to, those identified in Exhibit "A". During the course and scope of his employment as set forth in Exhibit "A", during certain years, Petitioner used, handled, and/or was in the vicinity of others using or handling asbestos or asbestos-containing products at various locations, wherein dangerously high levels of asbestos fibers escaped into the ambient air of the work place, resulting in Petitioner breathing those fibers, subsequently causing the development of diffuse malignant mesothelioma.

9. Before and during Joseph Hilburn's exposure period, each of the defendants designed, tested, evaluated, manufactured, packaged, furnished, stored, handled, transported, installed, supplied and/or sold asbestos-containing products for use at, including but not limited to, each of the facilities and/or individuals listed directly above in this Background Count, where Petitioner was exposed to asbestos-containing products, equipment, construction materials, insulation, and products that contained

fibrous, incombustible, chemical-resistant mineral substances commonly called "asbestos."

10.     When inhaled or otherwise ingested, asbestos causes irreparable and progressive lung damage that can manifest itself as asbestos-related pleural disease, asbestosis, mesothelioma, pulmonary and bronchogenic carcinoma, gastrointestinal cancer, cardiac problems, other lung diseases, pneumoconiosis, and various other injuries.

11.     Each of the defendants knew or should have known through industry and medical studies, the existence of which were unknown to Petitioner, of the health hazards inherent in the asbestos-containing products they were selling and/or using.

12.     As a direct and proximate result of having inhaled, ingested or otherwise been exposed to asbestos as described directly above in this Background Count, Petitioner Joseph Hilburn contracted malignant mesothelioma, an incurable and terminal cancer caused from asbestos exposure. Joseph Hilburn's malignant mesothelioma was diagnosed in or around December of 2017.

13.     Because of the latency period between exposure to asbestos and the onset of malignant mesothelioma, Petitioner has only recently discovered Petitioner's injuries and not more than one year preceding this filing of this Petition for Damages.

14.     Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave. Petitioner also disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust following acts or omissions of a party committed at the direction of any officer or any person acting under that officer of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office. Relative to the asbestos dust exposures from Avondale Shipyards, Petitioner alleges against the Avondale Executive Officers **only** negligent failure to adopt adequate asbestos safety measures that would have prevented the injuries upon which this Petition is based.

15.     Petitioner disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave, including but not limited to the Outer Continental Shelf. Specifically, Petitioner does not allege nor will they claim that any asbestos exposure occurred on or arose from activities related to the Outer Continental Shelf.

### STRICT LIABILITY AND NEGLIGENCE ALLEGATIONS AGAINST SELLER, DISTRIBUTOR, SUPPLIER, AND CONTRACTOR DEFENDANTS

16.     As to ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC., EAGLE, INC., f/k/a EAGLE ASBESTOS & PACKING CO., INC., McCARTY CORPORATION and TAYLOR-

SEIDENBACH, INC., Petitioner asserts causes of action in strict liability for the manufacture and sale of unreasonably dangerous asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

17. As to the Defendants listed directly above in the first paragraph of this Count, Petitioner asserts causes of action in negligence for the sale and supply of asbestos and asbestos-containing products and failure to warn, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

18. As to the Defendants listed directly above in the first paragraph of this Count, Petitioner asserts causes of action in strict products liability as the commercial supplier of asbestos and asbestos-containing products, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

19. As to the Defendants listed directly above in the first paragraph of this Count, Petitioner asserts causes of action in negligence for the lack of reasonable care in the handling, use, installation and removal of asbestos-containing products in the vicinity of Petitioner and failure to warn, and strict *garde* liability for damages caused by products within their care, custody, and control, thereby substantially contributing to Petitioner's asbestos exposure and resultant malignant mesothelioma.

20. The Defendants listed directly above in the first paragraph of this Count sold asbestos-containing insulation and building products to Petitioner's Louisiana work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from approximately 1966 to 1966. They knew or should have known they were selling unreasonably dangerous products and failed to warn about those dangers. In addition, these Defendants were and are liable as a "professional vendor" of asbestos-containing products. In addition, these Defendants are liable for "manufacturing" asbestos containing products, including pipe insulation, cement, gaskets, blankets and fittings, marinite/micarta "sandwich" boards, which they sold to, or used during insulation or other contract work performed at, Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from approximately 1966 to 1966. Petitioner was exposed to said products. Said products were unreasonably dangerous *per se*, unreasonably dangerous in normal use, and dangerous in design or composition. In addition, said products were unreasonably dangerous because these Defendants failed to properly warn workers, including Petitioner, of those dangers. In addition, the owners and operators of Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the exposure period from approximately 1966 to 1966 contracted with one or more of these Defendants to perform insulation or other contracting work, involving the installation, removal, handling and/or

manipulation of asbestos-containing material. Said insulation work had the direct result of releasing into the workplace atmosphere, within Petitioner's breathing zone, dangerous levels of asbestos dust and fibers. Consequently, Petitioner was exposed to, and inhaled, said asbestos dust and fibers, sustaining injury to his lungs, culminating in development of mesothelioma. These Defendants were negligent in failing to isolate their work activities involving asbestos, not warning bystanders regarding the dangers of inhaling asbestos dust, and not using proper administrative and engineering controls, such as proper ventilation and wet-down techniques, to minimize and/or eliminate asbestos exposure suffered by bystander employees, including Petitioner. In addition, these Defendants held out to the public, by their representations and packaging, including the use of boxes, cartons or bags bearing the name or logo of their company, that they were the manufacturers of the asbestos-containing products which they sold to Petitioner's work sites including, but not limited to, those identified in Exhibit "A" during the Petitioner's exposure period from approximately 1966 to 1966. Consequently, under Louisiana law, these Defendants are deemed to be "manufacturers" of the asbestos-containing products they sold, and are strictly liable for the injury they caused to Petitioner.

21. The asbestos-containing products manufactured, distributed, and/or sold by these Defendants were unreasonably dangerous in normal use, were defective in design or composition, were dangerous *per se* and/or were dangerous because of a lack of a proper warning regarding their dangers. In addition, these Defendants made various representations and warranties regarding the safety, efficacy or desirability of using their asbestos-containing products. These Defendants are liable for breaching these warranties because, in fact, their asbestos-containing products are extremely dangerous and are not particularly useful due to the availability of asbestos-free substitute products. Further, these Defendants failed to properly warn the Petitioner of the dangers associated with the use of such products, including the risk of developing mesothelioma, cancer and other lung diseases.

22. These Defendants are strictly liable for manufacturing and selling dangerous and defective products. Alternatively, they are liable for their negligence in manufacturing and selling dangerous and defective asbestos-containing products and for failing to properly warn regarding their dangers.

23. As a result of the defective and unreasonably dangerous condition, design and composition of the asbestos-containing product manufactured, distributed and/or sold by these Defendants, the Petitioner was exposed to and caused to inhale, during the Petitioner's exposure period from approximately 1966 to 1966, dangerous amounts of asbestos dust and fibers. As a direct result, he developed mesothelioma from which he currently suffers.

5

24. The aforementioned acts and omissions of the defendants, for which they are solidarily and jointly liable, under a strict liability or negligence standard, proximately caused the Petitioner's injuries, damages and losses.

## NEGLIGENCE ACTION AGAINST THE EXECUTIVE OFFICERS OF AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED

25. Petitioner was exposed to asbestos-containing products directly at AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, from approximately 1966 to 1966. Petitioner's exposure to asbestos products occurred without fault on his part. Petitioner hereby alleges that the Executive Officers of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, **Albert Bossier, Jr.** are liable for injuries, as alleged, arising out of the negligent conduct of these corporate executive officers as detailed herein, and, in failing to provide a safe place in which to work free from the dangers of respirable asbestos-containing dust.

26. As a direct and proximate contributing result of having inhaled, ingested or otherwise having been exposed to asbestos at Avondale Shipyard, Petitioner has received injuries, both physically and mentally, including, without limitation, all of the ramifications of malignant mesothelioma.

27. The Executive Officers of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED, **Albert Bossier, Jr.,** negligently, recklessly, willfully and/or because of gross and wanton negligence or fault, failed to properly discharge their duties to the Petitioner in the following:

    a. failed to provide the Petitioner with a safe work environment;

    b. failed to provide the Petitioner with safety equipment;

    c. failed to provide the Petitioner with correct, adequate, or proper safety equipment;

    d. recklessly and negligently failed to disclose, warn or reveal critical medical and safety information to the Petitioner regarding asbestos hazards in general and with regard to those specific hazards at the work site;

    e. recklessly concealed and negligently omitted to reveal critical medical and safety information from the Petitioner regarding the safety and health risks associated with the asbestos and asbestos-containing products at the worksites;

    f. failed to timely remove asbestos hazards from the work place;

      g.      failed to properly supervise or monitor the work areas for compliance with safety regulations;

      h.      failed to provide a safe and suitable means of eliminating the amount of asbestos dust in the air; and

      i.      failed to provide the necessary facilities, practices and procedures that would lessen or eliminate the transfer of asbestos from the workplace to the home on the clothing and/or person of Petitioner.

28.    The above-described negligence, fault, and willful misconduct of these defendants were a proximate cause of the Petitioner's injuries.

29.    At all times throughout Petitioner's exposure to asbestos present and used within AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED facility, The Executive Officers of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS INCORPORATED knew that asbestos posed substantial health risks to those exposed to it, knew that there were specific engineering and industrial hygiene procedures which should have been employed to reduce exposures, knew that those exposed to asbestos on the job could bring home asbestos on their clothes and thereby injuriously expose those in the household, yet The Executive Officers of AVONDALE INDUSTRIES, INC. f/k/a NORTHROP GRUMMAN SHIP SYSTEMS, INC. n/k/a HUNTINGTON INGALLS consciously and intentionally chose not to inform Petitioner of this information or implement any meaningful safety precautions, all of which was a substantial contributing cause of Petitioner's injuries.

30.    At all material times herein, **Albert Bossier, Jr.** was an Executive Officer of Huntington Ingalls, Inc. f/k/a Northrop Grumman Shipbuilding, Inc. (formerly Northrop Grumman Ship Systems, Inc., formerly Avondale Industries, Inc. and formerly Avondale Shipyards, Inc.) (hereinafter sometimes "Avondale" or "Avondale Industries, Inc.") with the specific responsibility for the health and safety of Mr. Joseph Hilburn and his fellow employees during the time they were exposed to substances which resulted in Petitioner's mesothelioma and other ill effects related thereto.

31.    Defendant ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC, on information and belief, had in full force and effect a policy or policies of liability or excess insurance insuring Marquette Insulation, Inc., against the causes of action asserted herein and covering the premises, matters, persons, things, actions, inactions, and damages that are the subject of this petition, and, as such, Defendant

ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC is directly liable to Petitioner under the provisions of the Louisiana Revised Statutes, Title 22, Section 655 (now 22:1269).

WHEREFORE, on the basis of all of the foregoing premises set out in paragraphs 1 through 30, Petitioner requests that defendants be served with this petition and that there be judgment against these defendants jointly, severally and in solido in a sum sufficient to compensate Petitioner for the following:

a. all past, present and future medical costs or expenses related thereto;

b. all past, present and future lost earnings;

c. all past, present and future mental suffering, anguish, pain and suffering;

d. all past, present and future physical pain and suffering;

e. loss of quality of life; and

f. Past, present, and future disability.

**WHEREFORE** Petitioner prays that after due proceedings had, there be judgment herein in favor of Petitioner and against the defendants as prayed for.

Respectfully submitted,

**LANDRY & SWARR, LLC**

FRANK J. SWARR, Bar No. 23322
MICKEY P. LANDRY, Bar No. 22817
PHILIP HOFFMAN, Bar No. 32277
MATTHEW CLARK, Bar No. 31102
AMANDA BALLAY, Bar No. 28630
1010 Common Street, Suite 2050
New Orleans, Louisiana 70112
Telephone: (504) 299-1214
Facsimile: (504) 299-1215

and

**THE NEMEROFF LAW FIRM**
*A Professional Corporation*

JEFFREY A. O'CONNELL, Bar No. 30282
RYAN P. PHILLIPS, Bar No. 36924
Hillcrest Tower
12720 Hillcrest Road, Suite 700
Dallas, Texas 75230
Telephone: (214) 774-2258
Facsimile: (214) 393-7897

COUNSEL FOR PLAINTIFF

**PLEASE SERVE THE FOLLOWING:**

1. ZURICH AMERICAN INSURANCE COMPANY, as successor-by-merger to Maryland Casualty Company, as the insurer of MARQUETTE INSULATION, INC.
   Through the Louisiana Secretary of State
   8585 Archives Avenue
   Baton Rouge, LA 70809

2. McCARTY CORPORATION
   A Louisiana Corporation
   Through its registered agent:
   Paul H. Spaht
   4232 Bluebonnet Blvd.
   Baton Rouge, LA 70809

3. TAYLOR-SEIDENBACH, INC.
   A corporation duly organized, created and existing under and by virtue of the laws of the state of Louisiana, with its principal place of business in New Orleans, Louisiana
   Through its registered agent:
   Robert I. Shepard
   731 South Scott Street
   New Orleans, Louisiana 70119

4. EAGLE, INC., f/k/a Eagle Asbestos & Packing Co., Inc.
   Through its registered agent:
   Susan B. Kohn
   1100 Poydras Street
   30th Floor
   New Orleans, LA 70163

5. ALBERT BOSSIER, JR., As an Executive Officer of Avondale Industries, Inc.
   Through Brian C. Bossier
   Blue Williams LLP
   3421 N. Causeway Boulevard, Ninth Floor
   Metairie, LA 70002

**PLAINTIFF'S ORIGINAL PETITION**
**EXHIBIT "A"**

FILED
2018 AUG 20 A 10:50
CIVIL
DISTRICT

| | |
|---|---|
| Decedent: | Joseph Hilburn |
| Address: | 119 Hillsdale Court<br>Vacaville, California 95688 |
| Plaintiff's SSN: | xxx-xx-4769 |
| Disease: | Asbestos-related malignant mesothelioma |
| Work History: | Jobsites and employers only include Louisiana jobsites are not all inclusive, and Petitioner reserves the right to amend this Exhibit after further discovery is completed. Dates are best approximations: |

| EMPLOYER | SITE | CRAFT | YEARS |
|---|---|---|---|
| Avondale Shipyards, Inc. | Avondale Shipyard – Bridge City, LA | Laborer | 1966 - 1966 |

VERIFIED